# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| C. MICHAEL CARTER and DAVID A. DELORENZO, | § | No. 57, 2015 |
| | § | |
| Defendants Below-Appellants, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF PROVIDENCE, CENTRAL LABORERS' PENSION FUND, MASSACHUSETTS LABORERS' ANNUITY FUND, NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, and OKLAHOMA POLICE PENSION & RETIREMENT SYSTEM, | § | Court Below—Court of Chancery of the State of Delaware, Consol. C.A. No. 8703 |
| | § | |
| Plaintiffs Below-Appellees. | § | |

Submitted: February 16, 2015
Decided: February 19, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 19th day of February 2015, upon consideration of the notice of interlocutory appeal, the motion for stay, and the motion to expedite, it appears to the Court that:

(1) The defendants-appellants, Michael Carter and David DeLorenzo, have petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from an interlocutory order of the Court of Chancery,

dated February 5, 2015, denying their motions for summary judgment. Among other things, the defendants sought a determination that the business judgment rule was the proper standard for reviewing the take-private merger of Dole Food Company, Inc. by its majority stockholder, David Murdock. The Court of Chancery denied summary judgment, holding that disputed issues of material facts existed about whether the defendants satisfied the eight requirements for applying the business judgment rule under *Kahn v. M & F Worldwide Corp*, 88 A.3d 635, 651 (Del. 2014). Trial is scheduled to begin February 23, 2015.

(2) The defendants filed their application for certification to take an interlocutory appeal in the Court of Chancery on February 9, 2015. The Court of Chancery denied the certification application on February 13, 2015, holding that interlocutory review on the eve of trial was not warranted because the appropriate standard of review was a settled issue of law.

(3) Applications for interlocutory review are addressed to the sound discretion of this Court and are granted only in exceptional circumstances. In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the requirements of Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED. The motion to expedite and the motion to stay pending appeal are both MOOT.

BY THE COURT:

_____
Justice